IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENARD ALLISON (#M-32576),<br>  Plaintiff, | )<br>)<br>)  Case No: 14 C 6925 |
| v. | )<br>)<br>)  Judge Jeffrey T. Gilbert |
| OFFICER PHILLIPS,<br>  Defendant. | )<br>)<br>) |

## ORDER

Defendants' motion to dismiss [18] is granted for the reasons given in this order. Plaintiff's complaint is dismissed with prejudice. This matter is closed on the Court's docket.

## STATEMENT

Plaintiff, Denard Allison, presently in state custody at Lawrence Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On September 16, 2014, Plaintiff was allowed to proceed *in forma pauperis* on his complaint that alleged he was subjected to deliberate indifference to a substantial risk of serious harm while incarcerated at the Cook County Jail on September 12, 2012. Plaintiff alleges that other inmates stabbed him in the arm and the ear while Defendant Phillips was not at her post. He also alleges that when the Emergency Response Team arrived to diffuse the situation they deployed pepper spray, causing Plaintiff to suffer an asthma attack. Plaintiff alleges he was handcuffed and was denied immediate care for his injuries and his asthma.

Prior to filing this suit on September 5, 2014, Plaintiff filed another suit, *Allison v. Sheriff's Office of Cook County, et al.*, Case No. 13 C 5676 (N.D.Ill.) (Gettleman, J.) In that suit, Plaintiff alleged that on September 12, 2010, he was subjected to deliberate indifference to a substantial risk of serious harm while incarcerated at the Cook County Jail. In all other ways, including the Defendant named, the deliberate indifference alleged, and the injuries Plaintiff alleges he suffered are identical to the allegations made in the complaint in the present case. Plaintiff filed Case No. 13 C 5676 on August 9, 2013, and the case was dismissed as untimely on February 5, 2014. Plaintiff appealed the dismissal, filing his notice of appeal on August 29, 2014. The appeal was dismissed by the Seventh Circuit Court of Appeals on January 5, 2015.

Presently before the Court is Defendant's motion to dismiss for Plaintiff's alleged fraud on the court. In her motion, Defendant makes two arguments: (1) in failing to disclose his litigation history, Plaintiff committed a fraud on the court; and (2) because Plaintiff has another action pending involving the same parties and same operative set of facts his complaint must be dismissed. Because Case No. 13 C 5676 was dismissed on February 5, 2014, and the subsequent appeal was dismissed on January 5, 2015, it is no longer pending, so Defendant's second argument is moot. Accordingly, the Court will consider only the question of whether Plaintiff's

complaint should be dismissed for committing fraud on the Court pursuant to *Hoskins v. Dart*, 663 F.3d 541 (7th Cir. 2011).

Page 3 of the civil rights complaint form Plaintiff submitted required him to "List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States." The complaint form further states: "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (emphasis in original).

Notwithstanding the court's admonition, Plaintiff failed to indicate three previous lawsuits that he had filed in his complaint.[1] Plaintiff left the entire section requiring information about his litigation history blank. Plaintiff also signed a "certification" at the end of the amended complaint, that: "By signing this complaint, I certify that the facts stated in this complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court." (Complaint, pg. 6.)

As discussed above, contrary to what Plaintiff certified by signing his complaint, he had filed three previous lawsuits: Case Nos. 07 C 2426, 08 C 4048, and 13 C 5676. In response to Defendant's motion, Plaintiff argues that he could not have committed fraud on the court because he suffers mental illness (nightmares) due to the attack alleged in this suit, and because he had never heard of fraud on the court before receiving Defendant's motion. Plaintiff also argues that any omission of information was a mistake. However, he does not deny that he failed to indicate the three other lawsuits in his complaint, and he does not directly address why he left the section requiring past litigation history blank.

The Court may impose sanctions on a *pro se* litigant if the litigant provides false information to the court, effectuates a fraud on the court, and/or fails to comply with Federal Rule of Civil Procedure. *See Hoskins v. Dart*, 663 F.3d 541 (7th Cir. 2011) (per curiam). *Hoskins* instructs that a district court may require a prisoner to disclose all prior litigation history and the Court may dismiss the case with prejudice when the failure to disclose the history is done with intent to commit a fraud upon the Court. *Hoskins*, 663 F.3d at 543. The Court has the right to make plaintiffs disclose prior litigation history because it must review that history to determine plaintiff's status under the PLRA.

Plaintiff's averment that he has faithfully disclosed his prior litigation history is meritless. When Plaintiff filed his complaint on September 5, 2014, he had knowledge of at least three previous lawsuits and he failed to include them in his litigation history. In addition, Plaintiff signed his complaint in this case on August 21, 2014, and signed his notice of appeal in Case No. 13 C 5676 on August 25, 2014. Plaintiff was actively pursuing Case No. 13 C 5676, in the same week he was preparing the complaint in this case, alleging the same incident of deliberate

---

[1] Plaintiff had previously filed *Allison v. City of Chicago*, Case No. 07 C2426 (N.D.Ill.) (Guzman, J.), and *Allison v. City of Chicago*, Case No. 08 C 4048 (N.D.Ill.) (Shadur, J.). Both cases were ultimately resolved and have been dismissed.

2

indifference against the same Defendant.² It is clear that Plaintiff was attempting to both pursue his appeal in Case No. 13 C 5676 and file a new lawsuit regarding the same underlying incident at the same time.³ Additionally, Plaintiff has never disclosed any information to the Court regarding his earlier suits. The Court retrieved the information about Cases No. 07 2426 and 08 C 4048 from CM/ECF.

Plaintiff's failure to identify three previous lawsuits in his complaint in this matter, while he was actively pursuing relief in one of the three suits, makes clear that his failure to identify the previous lawsuits cannot be attributed to inadvertence or mistake. Plaintiff's omissions, which can be characterized as a "fraud" on the court, justify dismissal of this action with prejudice. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999); *see also Taylor v. Chicago Police Dep't*, No. 07 C 5097, 2008 WL 2477694 at * 4 (N.D. Ill. June 18, 2008) (Dow, J.) (plaintiff's failure to identify at least five previous lawsuits on the complaint form justified dismissal).

For the foregoing reasons, this suit is dismissed with prejudice for fraud on the court. If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" pursuant to 28 U.S.C. § 1915(g). Under that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

It is so ordered.

Date: June 2, 2015

Magistrate Judge Jeffrey T. Gilbert

---

[2] Plaintiff also admits in his response to Defendant's motion that the incidents alleged in 13 C 5676 and the present case are the same incident, and that he mistakenly wrote the wrong date in the complaint in Case No. 13 C 5676.

[3] Because Plaintiff has admitted in his response to the motion that the claim made in Case No 13 C 5676 and the claim made in the present case are the same claim, and that he made a mistake when he indicated that the incident occurred on September 12, 2010, and not September 12, 2012, it also appears his claim is barred by the doctrine of *res judicata*. However, because the Court is dismissing Plaintiff's complaint for committing fraud on the Court pursuant to *Hoskins* and Defendant did not raise the issue of *res judicata* in her motion, the Court need not address the issue in this order.